843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dawud Al-Amin SHABAZZ, Petitioner-Appellant,
v.
Linwood V. STEPHENSON; Attorney General of North Carolina,
Respondents-Appellees.
 No. 87-7391.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 29, 1988.
Decided: April 8, 1988.
 
 Dawud Al-Amin Shabazz, appellant pro se.
 Barry Steven McNeill, Office of the Attorney General, for appellees.
 Before DONALD RUSSELL, WIDENER and WILKENSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dawud Al-Amin Shabazz, a North Carolina inmate, seeks a certificate of probable cause to appeal the judgment of the district court dismissing his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. Shabazz was convicted by a jury of attempted armed robbery in a North Carolina court in 1982. On direct appeal Shabazz contended that he should be granted a new trial due to the failure of the trial court to instruct the jury on the offense of simple assault. The North Carolina Supreme Court assumed without deciding that simple assault was a lesser included offense of attempted robbery with a firearm but concluded that Shabazz was not entitled to a new trial. State v. Odom, 307 N.C. 655, 300 S.E.2d 375 (1983). Shabazz's subsequent application for post-conviction relief in the state courts was denied.
 
 
 2
 In his federal petition Shabazz contends that (1) he was denied the effective assistance of counsel as result of his trial counsel's failure to request lesser included offense instructions or object to the omission of these instructions; and (2) the failure of trial counsel to request the trial court to instruct the jury on lesser included offenses operated to deny him a complete and effective appellate review. The district court dismissed the petition on the reasoning of the North Carolina Supreme Court.
 
 
 3
 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a defendant received adequate assistance of counsel. To be entitled to relief the defendant must show that (1) counsel's performance was outside the wide range of reasonable professional assistance and (2) "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 690, 694.
 
 
 4
 Under North Carolina law "a defendant is entitled to have all lesser degrees of offenses supported by the evidence submitted to the jury as possible alternative verdicts." State v. Palmer, 293 N.C. 633, 643-44, 239 S.E.2d 406, 413 (1977). In the case at hand the victim testified that when he opened the cash register to get change Shabazz produced a gun and ordered him to move back and, moments later, ordered him to get down on his knees. Shabazz then put the gun to the victim's neck and pulled the trigger; the gun, however, did not fire. A scuffle immediately ensued at which point the victim produced his own weapon and fired four shots at Shabazz. Shabazz fled the store. As Shabazz was leaving, a teenager who sometimes helped around the store, and who was just arriving, observed a gun in Shabazz's hand. Five spent bullets were found at the scene.
 
 
 5
 Shabazz testified to a much different version of the critical events: Shabazz admitted that he was at the scene but denied that he had a gun. He testified that he stopped at the store to purchase a beverage from an outside machine, and that he pushed the machine when it did not deliver either his drink or his change. Upon observing Shabazz's activities with the machine the alleged victim yelled a racial epithet and, after Shabazz continued to shake the machine, came out and "jerked him" around. Shabazz testified further that, thereafter, the two men exchanged blows and that the alleged victim produced a gun and began firing at him. Shabazz then ran to his car and drove off.
 
 
 6
 Based upon this conflicting testimony trial counsel was not ineffective for failing to request lesser included offense instructions or to object to their omission. There was no evidence in this case to support the lesser included offense instructions that Shabazz now contends should have been given. The state's evidence suggested a verdict of either guilty of attempted armed robbery or not guilty. If the jury believed Shabazz's evidence then it could return only a not guilty verdict based upon actions taken by Shabazz in self defense.
 
 
 7
 Moreover, depending on the theory of defense pursued in a case, there is a tactical element involved in lesser included offense instructions. If the defense is that no crime was committed then the argument is diluted if counsel argues alternatively that the jury should consider a verdict of guilty of another crime, albeit of less severity than the charged offense. We conclude that Shabazz's first claim is without merit.
 
 
 8
 Shabazz's claim that he was denied a complete and effective appellate review as a result of counsel's failure to request the lesser included offense instruction is also without merit. The North Carolina Supreme Court reviewed Shabazz's claim on the merits notwithstanding Shabazz's failure to properly preserve the issue at trial.
 
 
 9
 We have carefully reviewed the record in this case, including the trial transcript and the briefs submitted in the direct appeal. We conclude that Shabazz received constitutionally adequate assistance of counsel at his trial and on appeal.
 
 
 10
 Accordingly, because the dispositive issues recently have been decided authoritatively we dispense with oral argument, deny a certificate of probable cause to appeal, and dismiss the appeal.
 
 
 11
 DISMISSED.